# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA DIVISION)

| | |
|---|---|
| OLIVIA LOPEZ <br> 8757 Georgia Avenue, Suite 400 <br> Silver Spring, Maryland 20910 <br><br> PLAINTIFF, <br><br> v. <br><br> ECOGREEN, INC. <br> 600 C Carlisle Drive <br> Herndon, Virginia 20170 <br><br> SERVE: Majeeb Abed <br> 600 C Carlisle Drive <br> Herndon, Virginia 20170 <br><br> And <br><br> MAJEEB ABED <br> 600-C Carlisle Drive <br> Herndon, Virginia 20170 <br><br> And <br><br> SHUKRI ABDALLAH <br> 600-C Carlisle Drive <br> Herndon, Virginia 20170 <br><br> DEFENDANTS | Case No: |

## COMPLAINT

Plaintiff Olivia Lopez ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against EcoGreen, Inc. ("EcoGreen") and Majeeb Abed and Shukri Abdallah ("the individual defendants") (collectively, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff hereby affirms her consent to participate as a plaintiff in an action under the FLSA and for all relief requested herein.

2. EcoGreen is a corporation formed under the laws of the Commonwealth of Virginia with a primary office in Herndon, Virginia.

3. At all times, the individual defendants were each the primary owners and managing officers of EcoGreen. In this capacity, the individual defendants both were Plaintiff's most senior managers and supervisors, had authority to hire, fire, and discipline Plaintiff, set Plaintiff's weekly schedule, work hours, and work duties, set Plaintiff's rate and method of pay, oversaw the maintenance of all employment records relating to Plaintiff, and both were generally in charge of all day-to-day operations of EcoGreen.

4. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5. At all times, Defendants and their employees, including Plaintiff, used in business operations and work duties materials, products, and goods (namely cleaning products) that originated from outside the Commonwealth of Virginia, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

6. At all times relevant to this action, all Defendants qualified as Plaintiff's employers under the FLSA and are jointly and severally liable for unpaid wages and all other FLSA damages sought by Plaintiff in this action.

## FACTS

7. Plaintiff was employed by Defendants to perform dry cleaning duties from about November 2011 through about March 2017.

8. While employed, Defendants paid Plaintiff at the salary rate that gradually increased from about $460.00 per week to as much as about $550.00 per week.

9. While employed, the exact number of hours Plaintiff worked varied slightly from week to week.

10. While employed, Plaintiff regularly and customarily worked six (6) days per week;

11. While employed, Plaintiff typically worked at or about sixty-eight (68) or more hours per week.

12. In many weeks during Plaintiff's period of employ, the regular hourly rate (calculated by dividing Plaintiff's weekly wages by Plaintiff's weekly hours worked) calculated to a rate less than the Federal Minimum Wage, $7.25 per hour.

13. While employed, Defendants never paid Plaintiff at the required FLSA overtime rate.

14. For overtime hours Plaintiff worked more than forty (40) per week, Defendants failed to pay Plaintiff at the overtime rate of **the higher of** one-and-one-half (1½) times Plaintiff's regular rate of **or** one-and-one-half (1½) times the Federal Minimum Wage ($7.25 * 1.5 = $10.88).

15. Defendants now owe Plaintiff the differential between her non-overtime sub-minimum wage rate and the Federal Minimum Wage ($7.25 per hour) for all non-overtime hours worked for which Defendants paid Plaintiff less than the Federal Minimum Wage.

3

16. Defendants now owe Plaintiff the differential between her regular hourly rate and the required FLSA overtime rate for all hours Plaintiff worked in excess of forty (40) per week.

17. Defendants now owe Plaintiff unpaid required FLSA wages in the amount of about Forty-Two Thousand Dollars ($42,000.00) or more.

18. At no time did Plaintiff perform work duties that would make her exempt from the Federal minimum wage or overtime pay requirement.

19. At no time did Defendants consider Plaintiff exempt from the Federal minimum wage or overtime pay requirement.

20. At all times during Plaintiff's period employ, Defendants had actual notice (through a poster that was purchased by Defendants and displayed prominently at the store) that Federal Law requires minimum wage and overtime at the legal rate to all non-exempt employees including Plaintiff.

21. At all times during Plaintiff's employ, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff was in direct violation of Federal law.

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act)

22. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

23. As set forth above, Defendants failed to pay Plaintiff at the FLSA required Minimum Wage Rate for many non-overtime hours worked while in Defendants' employment.

24. As set forth above, Defendants failed to pay Plaintiff at the FLSA required overtime rate for hours worked more than forty (40) per week while in Defendants' employment.

25. Defendants' failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax:    301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*